UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| OMAR MERRITT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:15-CV-277 WL |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Omar Merritt, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISF 14-12-636) where the Disciplinary Hearing Officer (DHO) found him guilty of Assault With Serious Injury in violation of A-102 on January 9, 2014. As a result, he was sanctioned with the loss of 90 days earned credit time. Merritt lists three grounds in his petition.

In Ground One, Merritt states "there was a fist fight I do admit to that" but argues that there was no evidence of a serious injury.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here. The reporting officer states in the conduct report that he saw Merritt was punching another inmate in the face. "Merritt then knocked McCallister to the ground and continued to throw closed fist punches to his facial area." DE 5-1 at 4.

Under Indiana law, serious bodily injury includes injuries resulting in extreme pain. Indiana Code § 35-41-1-25(3) ("'Serious bodily injury' means bodily injury . . . that causes . . . extreme pain . . ..").

> Moreover, determining where the line should be drawn between the lesser and the greater battery offense in this case is a question of state law. The state of Indiana has the right to determine what constitutes "serious bodily injury," and the resolution of this matter does not implicate the federal Constitution. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002).

*Calligan v. Wilson*, 362 Fed. Appx. 543, 545 (7th Cir. 2009). Here, the guard saw Merritt repeatedly punch another inmate in the face. He saw Merritt knock that inmate to the ground and continue to punch him in the face. This was some evidence from which the DHO was permitted to infer the existence of extreme pain. Such a conclusion was neither unreasonable nor arbitrary. Therefore, based on Indiana's definition of serious bodily injury, there is sufficient evidence (even if only a modicum) to support the finding that Merritt was guilty of violating A-102.

In Ground Two, Merritt argues that he was denied the opportunity to present evidence. Specifically he was unable to obtain a statement from Officer Greenwell and the DHO did not view the entire video he requested. An inmate has a constitutional right to present relevant, exculpatory evidence during a prison disciplinary hearing which extends the duration of his

confinement. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Here, Merritt did not request a statement from Officer Greenwell when he was screened on these charges. DE 5-1 at 5. Though it is unclear when he requested this witness, "[t]he law of this circuit does not entitle a prisoner to wait until the day of his hearing to request to call witnesses." *Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997). More importantly, Merritt does not explain how this witness' testimony would have been exculpatory. However, it appears the testimony would have been related to the unviewed portion of the video he requested. The DHO watched the end of the video showing Merritt in a fight, but did not watch the first part of the video showing that the fight began when the other inmate attacked him in his sleep.

Thus, the evidence Merritt was denied would have supported Ground Three of his petition in which Merritt argues that he is entitled to habeas corpus relief because he acted in self-defense. However, "[p]risons may discipline inmates who engage in violence even if the inmate did so to protect himself." *Keller v. Cross*, 603 F. App'x 488, 489 (7th Cir. 2015). "[I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings." *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011). Thus, Ground Three is not a basis for habeas corpus relief. Neither is Ground Two because the denial of non-exculpatory evidence is not a due process violation.

Finally, Merritt filed a motion for summary judgment. He states that the respondent has had enough time to answer the petition and the court should rule in his favor. However, Section

3

2254 Habeas Corpus Rule 5(a) provides that "[t]he respondent is not required to answer the petition unless a judge so orders." The respondent was not ordered to answer. Moreover, no answer is needed because pursuant to Section 2254 Habeas Corpus Rule 4, "it plainly appears from the petition and [the] attached exhibits that the petitioner is not entitled to relief . . .." Therefore the petition must be dismissed.

For these reasons, the court **DENIES** the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4; **DENIES** the summary judgment motion (DE 13); and **DIRECTS** the clerk to close this case.

SO ORDERED.

ENTERED: March 22, 2016

                                               s/William C. Lee  
                                               William C. Lee, Judge  
                                               United States District Court